DAVIS WRIGHT TREMAINE LLP
  Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
  James H. Moon (SBN 268215)
  *jamesmoon@dwt.com*
  Daniel H. Leigh (SBN 310673)
  *danielleigh@dwt.com*
  Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant*
*The Kroger Co.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Plaintiff, <br><br> vs. <br><br> THE KROGER CO., and DOES 1-50, <br><br> Defendants. | Case No. 2:24-cv-5582 <br><br> **DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL** <br><br> [From the Superior Court of California, County of Santa Barbara, No. 24CV03007] <br><br> Compl. Filed: May 29, 2024 <br> Action Removed: July 1, 2024 |

KROGER'S NOTICE OF REMOVAL

**TO THE CLERK AND TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS:**

**PLEASE TAKE NOTICE** that defendant The Kroger Co. (Kroger) hereby removes this action from the Superior Court of the State of California for the County of Santa Barbara to the United States District Court for the Central District of California. Kroger is entitled to remove this action to federal district court pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441, and 1446 based on the following:

<u>**State Court Action**</u>

1. On May 29, 2024, plaintiff, the People of the State of California (Plaintiff), commenced this action in the Superior Court of the State of California in and for the County of Santa Barbara, captioned *People of the State of California v. The Kroger Co. et al.*, Case No. 24CV03007 (the State Court Action). A true and correct copy of the complaint in the State Court Action is attached hereto as **Exhibit 1** (the Complaint). Plaintiff served the Complaint on Kroger on May 31, 2024.

2. Plaintiff's Complaint alleges Kroger misrepresented the caloric content of "multiple bread products advertised under the KROGER CARBMASTER name," including "CARBMASTER Wheat Bread," "CARBMASTER White Bread," "CARBMASTER Multi-seed Bread," "CARBMASTER Hamburger Buns," and "CARBMASTER Hotdog Buns" (together, the Carbmaster Bread). (Compl. ¶ 15.) Plaintiff alleges Kroger sold Carbmaster Bread in retail locations owned by its subsidiary companies (i.e., Ralphs Grocery Company (Ralphs), Foods Co., and Food 4 Less) in Santa Barbara County and Ventura County. (*Id*. ¶ 9.) Plaintiff alleges Kroger misrepresented the Carbmaster Bread's caloric content on "the consumer-facing portions of the packaging and on the FDA Nutrition Facts panel on the back of the packaging," from November 1, 2018, until a date uncertain, when Kroger "corrected the caloric information on the FDA Nutrition Facts panel" (FDA Panel) of the Carbmaster Bread products. (*Id*. ¶¶ 17–18.) Plaintiff alleges Kroger "continued to falsely advertise the caloric content of its CARBMASTER breads on

KROGER'S NOTICE OF REMOVAL                     1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the front and sides of the packaging in California until at least 2022." (*Id.* ¶ 24.) On June 28, 2022, Plaintiff alleges its investigator visited a Ralphs store in Santa Barbara, and "discovered CARBMASTER White Bread" with a FDA Panel accurately listing its caloric content, which was misrepresented on its front label. (*Id.* ¶ 25.)

3. From this, Plaintiff brings claims for violations of California's False Advertising Law (FAL), Cal. Bus. & Prof. Code §§ 17500 *et seq.*, based on caloric content (1) outside of the FDA Panel and (2) within the FDA Panel; Cal. Bus. & Prof. Code § 12024.6, based on caloric content (3) outside of the FDA Panel and (4) within the FDA Panel; and Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, based on violations of the FAL (5) outside the FDA Panel, and (6) within the FDA Panel; violations of Cal. Bus. & Prof. Code § 12024.6 (7) outside the FDA Panel, and (8) within the FDA Panel; violations of Cal. Health & Saf. Code § 110660 (9) outside the FDA Panel, and (10) within the FDA Panel; and advertising (11) outside the FDA Panel, and (12) within the FDA Panel. (Compl. ¶¶ 29–102.)

4. Plaintiff seeks, inter alia, injunctive relief, "a civil penalty of $2,500 for each violation of the [UCL]," "a civil penalty of $2,500 for each violation of the [FAL]," "[r]estitution of all monies wrongfully obtained from California customers," "reasonable costs incurred in investigating this action," "[c]osts of suit," and "[s]uch other and further relief as the Court deems appropriate." (Compl. 19–20.) Kroger believes Plaintiff's claims are meritless.

5. In addition to the pleadings and filings mentioned above, all other pleadings, processes, and orders served upon or received by Kroger in the State Court Action or found on the docket in that action are attached hereto.

    a. The Complaint is attached hereto as **Exhibit 1**;

    b. The Civil Case Cover Sheet is attached hereto as **Exhibit 2**;

KROGER'S NOTICE OF REMOVAL   2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

     c.    The Civil Case Cover Sheet Addendum (Local Form) is attached hereto as **Exhibit 3**;

     d.    The Summons is attached hereto as **Exhibit 4**;

     e.    The Notice of Case Assignment/Case Management Conference is attached hereto as **Exhibit 5**;

     f.    The Proof of Service by Mail is attached hereto as **Exhibit 6**; and

     g.    The Proof of Service of Summons & Complaint is attached hereto as **Exhibit 7**.

6. The State Court Action is removable to this Court because the Court has original jurisdiction under 28 U.S.C. §§ 1332(a) and 1332(d), and the Central District of California encompasses the location in which the State Court Action is currently pending (i.e., Santa Barbara, California). *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States"); *id.* § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"); *id.* § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending."); *id.* § 84(c)(2) (setting Santa Barbara County in the Central District).

## The Action Is Removable Based on Diversity Jurisdiction

7. A civil action is removable based on diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1).

KROGER'S NOTICE OF REMOVAL    3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

8.  Plaintiff purports to bring this action on behalf of the "People of the State of California" and "California consumers." (Compl. ¶¶ 1, 2.) Thus, Plaintiff is a citizen of California for purposes of determining diversity.

9.  Kroger is a corporation incorporated in Ohio and has its principal place of business in Cincinnati, Ohio. (Compl. ¶ 7.) A corporation is a citizen of every state in which it is incorporated and of the state it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Thus, Kroger is a citizen of Ohio for purposes of determining diversity.

10. Therefore, sufficient diversity of citizenship exists between the relevant parties in this case.

### *The Amount in Controversy Exceeds $75,000*

11. Plaintiff's individual claims also exceed $75,000, exclusive of interest and costs, based on Plaintiff's individual requests for injunctive relief, civil penalties, and pre-litigation settlement offer.

12. "Where," as here, "it is unclear 'from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" *Amavizca v. Nissan N. Am., Inc.*, 2023 WL 3020489, at *2 (C.D. Cal. Apr. 19, 2023) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018)).

13. For purposes of removal only, and without conceding that Plaintiff is entitled to any damages, remedies, or penalties whatsoever, Plaintiff's individual claims, as pleaded in the Complaint, exceed the jurisdictional amount of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *see also Amavizca*, 2023 WL 3020489, at *3 ("'The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will *actually* owe.'") (emphasis in original).

KROGER'S NOTICE OF REMOVAL

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

14. The Complaint seeks "[r]estitution of all monies" Kroger "obtained from California customers" based on the conduct alleged in the Complaint, which includes sales of Carbmaster Bread products from "on or about November 1, 2018," "until at least 2022." (Compl. 16; *see also id*. ¶¶ 17, 24.) Specifically, Plaintiff alleges its investigator discovered Carbmaster White Bread with corrected caloric content in its FDA Panel, but incorrect caloric content on consumer-facing portions of its packaging, on June 28, 2022. (*Id*. ¶¶ 17, 25.) From November 1, 2018, through June 28, 2022, Kroger's total sales of Carbmaster White Bread products in Santa Barbara County and Ventura County exceeded $75,000. Thus, without conceding that Plaintiff's alleged measure of damages would be the proper measure of relief for any of Plaintiff's claims, or that Plaintiff is entitled to any relief, based on Kroger's sales of Carbmaster White Bread in Santa Barbara County and Ventura County from November 1, 2018, through June 28, 2022, it is reasonably possible that disgorgement would exceed $75,000 alone.

15. The Complaint seeks "a civil penalty of $2,500 for each violation of the [UCL]," and "a civil penalty of $2,500 for each violation of the [FAL]." (Compl. 19.) This Court has consistently included maximum civil penalties available as part of the amount in controversy when a plaintiff requests those penalties in the complaint. *See, e.g.*, *Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 1004 (C.D. Cal. 2021) ("[T]he amount in controversy estimate may include a two-times civil penalty" because the amount is requested in the complaint); *Bugiel v. Ford Motor Co.*, 2022 WL 17486358, at *3 (C.D. Cal. Dec. 6, 2022) (holding "a two-times civil penalty [was] in controversy" because the complaint sought that relief); *De Vidal v. Ford Motor Co.*, 2022 WL 17093070, at *3 (C.D. Cal. Nov. 21, 2022) ("[T]he maximum recoverable civil penalty should be considered for purposes of determining the amount in controversy"); *Ghebrendrias v. FCA US LLC*, 2021 WL 5003352, at *2 (C.D. Cal. Oct. 28, 2021) (including maximum available civil penalty sought in complaint); *Treuhaft v. Mercedes-Benz USA, LLC*,

5

KROGER'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2021 WL 2864877, at *2 (C.D. Cal. July 6, 2021) (including maximum recoverable civil penalty because it could reasonably be recovered).

16.     As explained above, Plaintiff alleges Kroger misrepresented the Carbmaster Bread's caloric content on or around November 1, 2018, and that its investigator discovered Carbmaster White Bread with corrected caloric content in its FDA Panel, but incorrect caloric content on consumer-facing portions of its packaging, on June 28, 2022.  (Compl. ¶¶ 17, 22, 25.)  From November 1, 2018, through June 28, 2022, Kroger sold over 15 units of Carbmaster White Bread products with the labels pictured in the Complaint in Santa Barbara County and Ventura County.  (*Id.*)  From November 1, 2018, through May 29, 2024, Kroger also sold more than 15 units of the Carbmaster Wheat Bread with the labels pictured in the Complaint in Santa Barbara County and Ventura County.  (*Id.* ¶¶ 17, 22, 28.) From November 1, 2018, through May 29, 2024, Kroger also sold more than 15 units of the Carbmaster Hamburger Buns with the labels pictured in the Complaint in Santa Barbara County and Ventura County.  (*Id.* ¶ 23.)  Thus, without conceding that Plaintiff's alleged measure of penalties would be the proper measure of relief for any of Plaintiff's claims, or that Plaintiff is entitled to any relief, based on Kroger's sales of Carbmaster Bread in Santa Barbara County and Ventura County from November 1, 2018, through June 28, 2022, the maximum civil penalties would exceed $75,000.

17.     In sum, based on Plaintiff's pleaded assertions and theories of recovery, the amount in controversy exceeds $75,000

**This Action Is Removable Under the Class Action Fairness Act**

18.     This Court also has original jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA).  CAFA was enacted based on Congress's concern that "cases involving large sums of money, citizens of many different States, and issues of national concern, have been restricted to State courts even though they have national consequences." 151 Cong. Rec. S1086-01, S1103 (Feb. 8, 2005).

KROGER'S NOTICE OF REMOVAL

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

CAFA's purpose is to allow "[f]ederal court consideration of interstate cases of national importance." 28 U.S.C. § 1711, stat. note, subd. (b)(2).

19. "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

20. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (i.e., minimal diversity exists); (2) there are at least 100 members in all proposed plaintiff classes combined; (3) the amount in controversy exceeds $5 million; and (4) no exception to jurisdiction applies. *See* 28 U.S.C. § 1332(d). As explained below, each of these requirements is satisfied in this case.

### *The Minimal Diversity Requirement is Satisfied*

21. A putative class action is removable based on diversity jurisdiction if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

22. As previously discussed, (*see* supra ¶¶ 11-15), sufficient diversity of citizenship exists between the relevant parties in this case.

### *Plaintiff's Proposed Class Exceeds 100 Members*

23. Plaintiff's lawsuit is a representative action, such that it fits within the definition "class action" under 28 U.S.C. § 1332(d)(1)(B), which is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]"

24. To remove a class action under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100. 28 U.S.C. § 1332(d)(5)(B).

KROGER'S NOTICE OF REMOVAL

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

25. Plaintiff seeks to represent a class defined as "California consumers." (Compl. ¶ 1.) Over 1,000 individuals have purchased the Carbmaster Bread Products in California during the relevant period.

26. Accordingly, the members of Plaintiff's proposed class exceed 100.

### *The Amount in Controversy Exceeds $5 Million*

27. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84. To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

28. The aggregated claims of Plaintiff's putative class, as pleaded in the Complaint, exceed the jurisdictional amount of $5,000,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2); *see also Amavizca*, 2023 WL 3020489, at *3 ("'The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will *actually* owe.'") (emphasis in original). Civil penalties alone would exceed $5,000,000 because more than 1,000 California consumers purchased Carbmaster products with the labels pictured in the Complaint during the relevant period. (Compl. ¶¶ 17, 22, 23, 28.)

### *Exceptions to Jurisdiction Do Not Apply*

29. The complete diversity between Plaintiff's putative class of California citizens and Kroger not only satisfies the minimal diversity requirements under CAFA, but also precludes the "local controversy" and "home state" exceptions in 28 U.S.C. ¶ 1332(d)(3) & (d)(4), exemptions for which the Plaintiff would bear the burden of proof in any event.

### **Kroger Satisfies the Requirements of 28 U.S.C. § 1446**

30. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

KROGER'S NOTICE OF REMOVAL

8

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

31. This Notice of Removal has been filed within 30 days of May 29, 2024, the date Plaintiff served the Complaint on Kroger, and from which it was first ascertainable this case was removable. *See* 28 U.S.C. § 1446(b)(2)(B).

32. Concurrently with the filing of this Notice, Kroger is giving written notice to all adverse parties and is filing a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of Santa Barbara. *See* 28 U.S.C. § 1446(d).

33. Kroger does not waive and expressly preserves all objections, defenses, and exceptions authorized by law, including but not limited to those pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Kroger removes the State Court Action to this Court.

DATED:  July 1, 2024            DAVIS WRIGHT TREMAINE LLP

By: /s/ Jacob M. Harper
    Jacob M. Harper

*Attorneys for Defendant
The Kroger Co.*

KROGER'S NOTICE OF REMOVAL

9

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY U.S. MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On July 1, 2024, I served the foregoing documents as follows:

**DEFENDANT THE KROGER CO.'S NOTICE OF REMOVAL**

by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| John T. Savrnoch<br>District Attorney of Santa Barbara County<br>Morgan S. Lucas, SBN: 288401<br>Christopher B. Dalbey, SBN: 285562<br>Senior Deputy District Attorneys<br>1112 Santa Barbara Street<br>Santa Barbara, CA 93101<br>Tel.: (805) 568-2300<br>Email: mlucas@countyofsb.org | Erik Nasarenko<br>District Attorney of Ventura County<br>Andrew J. Reid, SBN: 268351<br>Senior Deputy District Attorney<br>5720 Ralston Street<br>Ventura, CA 93003<br>Tel.: (805) 662-1705<br>Email: andrew.reid@ventura.org |

*COUNSEL FOR PLAINTIFF*

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

KROGER'S NOTICE OF REMOVAL    10

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 1, 2024, at Los Angeles, California.

| Shari Sanders | *Shari Sanders* |
|---|---|
| Print Name | Signature |

KROGER'S NOTICE OF REMOVAL

11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899