# EXHIBIT 1

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
5/29/2024 11:28 AM
By: Narzralli Baksh , Deputy

JOHN T. SAVRNOCH
District Attorney of Santa Barbara County
Morgan S. Lucas, SBN: 288401
Christopher B. Dalbey, SBN: 285562
Senior Deputy District Attorneys
1112 Santa Barbara Street
Santa Barbara, CA 93101
Tel.: (805) 568-2300
Email: mlucas@countyofsb.org

ERIK NASARENKO
District Attorney of Ventura County
Andrew J. Reid, SBN: 268351
Senior Deputy District Attorney
5720 Ralston Street
Ventura, CA 93003
Tel.: (805) 662-1705
Email: andrew.reid@ventura.org

*Attorneys for Plaintiff*                    [Exempt from Filing Fee, Gov. Code § 6103]

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA BARBARA

### ANACAPA DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | Case No.:   24CV03007 |
| Plaintiff, | |
| vs. | COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND EQUITABLE RELIEF |
| THE KROGER CO., and DOES 1-50, | |
| Defendants. | |

Plaintiff, the People of the State of California, represented by John T. Savrnoch, District Attorney of Santa Barbara County, and Erik Nasarenko, District Attorney of Ventura County (herein, the "People"), are informed and believe and based thereon allege as follows:

## **INTRODUCTION**

1.      California consumers—particularly those on specialty diets—care about the nutrition content of the products they purchase.  As a result, many companies, including THE

KROGER CO. (hereinafter "Kroger" or "Defendant"), have developed products specifically targeting diet-conscious consumers.

2.    California consumers are entitled to rely on the nutrient information advertised on packaging when making decisions about what products to buy. Between approximately November 1, 2018, and the present, Defendant misled consumers and gained an unfair competitive advantage over its competitors by falsely representing the calorie content on multiple bread products advertised under the KROGER CARBMASTER name.

3.    The People, acting to protect the public from unlawful and unfair business practices, bring this action pursuant to Business and Professions Code section 17200 *et seq.*, including sections 17203, 17204, and 17206; Business and Professions Code section 17500 *et seq.*; and Business and Professions Code sections 12015.5, 12024.6, and 12026. The People, by this action, seek to enjoin Defendant from engaging in false and deceptive advertising of KROGER CARBMASTER products, as further alleged herein. The People also seek civil penalties for Defendant's violations of applicable statutes and regulations, and restitution of all monies wrongfully obtained from California customers.

## PARTIES AND VENUE

4.    The People may bring a civil action to enjoin any person who engages, or has engaged, or proposes to engage, in unfair competition as defined in Business and Professions Code section 17200 and may seek civil penalties for each act of unfair competition. The People bring this action without prejudice to any other action or claim the People may have based on separate, independent, and unrelated violations arising out of matters or allegations that are not set forth in this Complaint.

5.    The actions of Defendant as hereinafter set forth are in violation of the laws and public policies of the State of California and as such are inimical to the health, safety, welfare, rights, and interests of the general public as consumers, competitors, and citizens.

6.    This Court has jurisdiction pursuant to Article 6, section 10 of the California Constitution and section 393 of the Code of Civil Procedure. Venue is proper in this Court as the

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES AND EQUITABLE RELIEF
2

violations alleged in this complaint occurred in the County of Santa Barbara, the County of Ventura, and throughout the State of California.

## DEFENDANTS

7.      Defendant Kroger is a publicly-traded, Ohio-based corporation with its corporate offices located in Cincinnati, Ohio.

8.      At all times relevant to the allegations herein, Kroger owned and operated grocery distribution centers and at least 321 grocery and food retail stores in California.

9.      Kroger operates in California with several different names and through subsidiaries, including "Ralph's," "Foods Co," and "Food 4 Less." A number of its brick-and-mortar retail locations are located in the Counties of Santa Barbara and Ventura, such as:

          a.   100 W. Carrillo St., Santa Barbara, CA 93101 ("Ralph's")

          b.   5170 Hollister Ave., Goleta, CA 93111 ("Ralph's")

          c.   601 W. Central Ave., Lompoc, CA ("Foods Co")

          d.   1465 S. Broadway, Santa Maria, CA ("Foods Co")

          e.   1776 S. Victoria Ave., Ventura CA 93003 ("Ralph's")

          f.   250 W. Esplanade Dr., Oxnard CA 93036 ("Food 4 Less")

10.     The true names or capacities of Does 1 through 50, inclusive, are unknown to the People, who therefore sue such defendants by such fictitious names. The People will amend this complaint to show their true names and capacities when ascertained. The People are informed and believe, and on that basis allege, that each of the defendants named as a Doe is responsible in some manner for events and occurrences about which this complaint is filed and therefore is liable for the relief sought herein.

11.     Whenever in this complaint reference is made to any act and omission of Defendant, such reference shall be deemed to mean that Kroger and Does 1 through 50 did the alleged acts and omissions through their directors, officers, employees, agents, and/or representatives while they were acting within the actual or ostensible scope of their authority.

## **GENERAL ALLEGATIONS**

12.     Defendant engaged in the acts and practices alleged in this Complaint on a regular basis since on or about November 1, 2018.

13.     Under the generic brand-name "CARBMASTER," Defendant markets various low-carb, low-sugar, and low-calorie products to consumers who shop at Defendant's grocery stores. CARBMASTER products are marketed as a healthy alternative to the other brands of milks, yogurts, breads, and related food products.

14.     Defendant sometimes places CARBMASTER products on shelves and in end-cap displays, which are more prominent than aisle shelves.

15.     Defendant sold at least five varieties of low-calorie CARBMASTER bread items to consumers, including:

> a.   CARBMASTER Wheat Bread;
>
> b.   CARBMASTER White Bread;
>
> c.   CARBMASTER Multi-seed Bread;
>
> d.   CARBMASTER Hamburger Buns; and
>
> e.   CARBMASTER Hotdog Buns.

16.     Defendant prominently advertised the calorie content of these CARBMASTER bread products in bright, colorful, and large-print on the front, top, and sides of the packaging.

17.     Beginning on or about November 1, 2018, Defendant falsely represented the caloric content of CARBMASTER products on *both* the consumer-facing portions of the packaging and on the FDA Nutrition Facts panel on the back of the packaging.

18.     On a date uncertain, Defendant corrected the caloric information on the FDA Nutrition Facts panel of CARBMASTER products.

19.     Defendant continued to advertise inaccurate and false nutritional information on the consumer-facing portions of the packaging.  For example, Defendant sold CARBMASTER White Bread (pictured below), while prominently advertising that it contained only 30 calories per slice of bread:

1
2
3
4
5
6
7
8
9
10



20.    California consumers purchased these CARBMASTER bread products, while

Defendant concealed the true nutritional value of the product on the underside of the item, in the

FDA-required nutritional paneling (pictured below):



11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15



16    21.    In most instances, Defendant understated the calorie content of CARBMASTER

17  bread and related products by 20% to 50%, misleading consumers to believe they were

18  purchasing a product that was considerably healthier than it was.

19    22.    For example, Defendant marketed both CARBMASTER Wheat Bread and

20  CARBMASTER White Bread as containing only 30 calories per slice, when, in fact, the FDA

21  panel on the rear of the package stated 50 calories per slice. Defendant's CARBMASTER

22  Multi-seed Bread was falsely advertised as containing only 40 calories per slice, while the FDA

23  panel—hidden out of sight on the bottom of the product—stated that each slice contained at

24  least 50 calories.

25    23.    In a particularly egregious instance, Defendant marketed its CARBMASTER

26  Hamburger Buns as having only 50 calories per bun, when in fact, the calorie count was *100*

27  *calories* per bun—double what was advertised—as depicted below:

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28





24.     Despite consumer complaints to Defendant regarding false advertising on the front of products, Defendant continued to falsely advertise the caloric content of its CARBMASTER breads on the front and sides of the packaging in California until at least 2022.

25.     The People's investigator visited a Ralph's store, located at 100 West Carrillo Street, Santa Barbara, on approximately June 28, 2022. At that time, the People discovered CARBMASTER White Bread displayed on the shelf in a manner which would conceal the FDA paneling from consumers, while displaying the false advertisement that such bread only contained 30 calories per slice. The investigator took several photos, including the example below:



26.     Visible in the photo, Defendant prominently placed its CARBMASTER White Bread next to several competing products such as "Dave's Killer Bread" and "Oroweat Keto Bread." Of note, "Dave's Killer Bread" advertises a much higher (i.e., accurate) calorie calculation than the inaccurate information on the CARBMASTER White Bread.

27.     The People contacted Defendants regarding the false and misleading packaging on its CARBMASTER products on October 4, 2022. The People informed Defendants that the

product was being advertised inaccurately in Defendant's physical stores. On December 5, 2023, the People informed Defendants that at least one CARBMASTER product was still being advertised with inaccurate calorie information online.

28.    Despite this notice, Defendant continues to this day to market at least one CARBMASTER product on its website to California consumers with  "30 calories per slice" still displayed on the packaging:



[Website retrieved May 20, 2024, from: www.ralphs.com/p/kroger-carbmaster-wheat-bread/0001111005544?searchType=default_search]

## FIRST CAUSE OF ACTION

### (False Advertising – Bus. & Prof. Code § 17500)

### (Outside of FDA Panel)

29.     The People restate and incorporate all allegations of the preceding paragraphs.

30.     In pertinent part, Business and Professions Code section 17500 provides that it is unlawful for any person "with the intent directly or indirectly to dispose of … personal property . . . to make or disseminate or cause to be made . . . any statement, concerning that … personal property . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

31.     Business and Professions Code section 17535 authorizes "any district attorney" to seek an injunction to prevent such untrue or misleading statements and to provide restitution for victims of such statements.

32.     Business and Professions Code section 17536 provides that any person violating section 17500 "shall be liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) for each violation, which shall be assessed and recovered in a civil action brought in the name of the people of the State of California . . . by any district attorney[.]"

33.     Beginning on or about November 1, 2018, if not earlier, and continuing to the present, Defendant has violated and continues to violate Business and Professions Code section 17500 by making or disseminating untrue or misleading statements, or causing untrue or misleading statements to be made, in the Counties of Ventura and Santa Barbara, and throughout California, with the intent to directly or indirectly dispose of bread products, when they knew or by the exercise of reasonable care should have known the statements were untrue or misleading. Defendant's untrue or misleading representations include, but are not limited to, falsely representing the caloric content of CARBMASTER Bread products <u>on consumer-facing portions of the packaging outside of the FDA Nutrition Facts panel</u>, as described in the allegations above.

34.     Unless enjoined by this Court, Defendant will continue to make false and/or misleading statements in violation of Business and Professions Code section 17500.

35.     Pursuant to Business and Professions Code section 17536, Defendant is liable for a civil penalty of $2,500 for each violation of section 17500.

## SECOND CAUSE OF ACTION

### (False Advertising – Bus. & Prof. Code § 17500)

### (Within FDA Panel)

36.     The People restate and incorporate all allegations of the preceding paragraphs.

37.     Beginning on or about November 1, 2018, if not earlier, and continuing to the present, Defendant has violated and continues to violate Business and Professions Code section 17500 by making or disseminating untrue or misleading statements, or causing untrue or misleading statements to be made, in the Counties of Ventura and Santa Barbara, and throughout California, with the intent to directly or indirectly dispose of bread products, when they knew or by the exercise of reasonable care should have known the statements were untrue or misleading. Defendant's untrue or misleading representations include, but are not limited to, falsely representing the caloric content of CARBMASTER Bread products within the FDA Nutrition Facts panel, as described in the allegations above.

38.     Unless enjoined by this Court, Defendant will continue to make false and/or misleading statements in violation of Business and Professions Code section 17500.

39.     Pursuant to Business and Professions Code section 17536, Defendant is liable for a civil penalty of $2,500 for each violation of section 17500.

## THIRD CAUSE OF ACTION

### (False Advertising by Enticement – Bus. & Prof. Code § 12024.6)

### (Outside of FDA Panel)

40.     The People restate and incorporate the allegations of the preceding paragraphs.

41.     Business and Professions Code section 12024.6 states: "[n]o person, firm, corporation, or association shall advertise, solicit, or represent by any means, a product for sale or purchase if it is intended to entice a consumer into a transaction different from that originally represented."

42.     Defendant has enticed consumers to purchase a product and enter a transaction by means of false advertising and false representation, in violation of Business & Professions Code section 12024.6.

43.     Defendant deliberately marketed multiple CARBMASTER products as having a nutritional value different from the true value of those products, by advertising incorrect caloric information <u>on consumer-facing portions of the packaging outside of the FDA Nutrition Facts panel</u>, causing consumers to be deceived, defrauded financially, and to unwittingly consume a product materially different from what defendant represented the consumer to be purchasing.

44.     Pursuant to Business & Professions Code section 12012.1, the Court should enjoin Defendant from violating section 12024.6 because Defendant has violated or threatened to violate section 12024.6.

45.     Pursuant to Business & Professions Code section 12015.5, Defendant is liable to pay the reasonable costs incurred in investigating this action because Defendant is civilly liable for violating section 12024.6.

**<u>FOURTH CAUSE OF ACTION</u>**

**(False Advertising by Enticement – Bus. & Prof. Code § 12024.6)**

**(Within FDA Panel)**

46.     The People restate and incorporate the allegations of the preceding paragraphs.

47.     Business and Professions Code section 12024.6 states: "[n]o person, firm, corporation, or association shall advertise, solicit, or represent by any means, a product for sale or purchase if it is intended to entice a consumer into a transaction different from that originally represented."

48.     Defendant has enticed consumers to purchase a product and enter a transaction by means of false advertising and false representation, in violation of Business & Professions Code section 12024.6.

49.     Defendant deliberately marketed multiple CARBMASTER products as having a nutritional value different from the true value of those products, by advertising incorrect caloric information <u>within the FDA Nutrition Facts panel</u>, causing consumers to be deceived, defrauded

financially, and to unwittingly consume a product materially different from what defendant represented the consumer to be purchasing.

50.     Pursuant to Business & Professions Code section 12012.1, the Court should enjoin Defendant from violating section 12024.6 because Defendant has violated or threatened to violate section 12024.6.

51.     Pursuant to Business & Professions Code section 12015.5, Defendant is liable to pay the reasonable costs incurred in investigating this action because Defendant is civilly liable for violating section 12024.6.

## FIFTH CAUSE OF ACTION

### (Unfair Competition – Bus. & Prof. Code § 17200)

### (Unlawful Acts or Practices: FAL Outside of FDA Panel)

52.     The People restate and incorporate the allegations of the preceding paragraphs.

53.     Business and Professions Code section 17200 defines "unfair competition" to "mean and include any _**unlawful**_, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code. [emphasis added]"

54.     Business and Professions Code section 17203 provides that "(a)ny person performing or proposing to perform an act of unfair competition within this state may be enjoined in any court of competent jurisdiction."  Section 17203 also permits recovery of any "interest in money or property, real or personal" acquired by a violation of the Unfair Competition Law.

55.     Business and Professions Code section 17206, subdivision (a), provides that any person violating section 17200 "shall be liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) for each violation, which shall be assessed and recovered in a civil action brought in the name of the people of the State of California . . . by any district attorney[.]"

56.     Business and Professions Code section 17205 provides that the remedies and penalties under the UCL are "cumulative to each other and to the remedies or penalties available under all other laws of this state."

57.     Defendant committed acts of unfair competition by committing the following unlawful acts: violating the False Advertising Law, as alleged in the First Cause of Action.

58.     Unless enjoined by the Court, Defendant will continue its wrongful practices.

59.     Pursuant to Business and Professions Code section 17203 and the Court's equitable powers, the Court should issue a permanent injunction and such other orders as may be necessary to prevent future acts of unfair competition by Defendant.

60.     Pursuant to Business and Professions Code section 17203 and the Court's equitable powers, the Court may make such orders as may be necessary to restore to any person any interest in money which may have been acquired through Defendant's unfair competition.

61.     Pursuant to Business and Professions Code section 17206, the Court must assess a civil penalty of up to $2,500 for each act of unfair competition.

## SIXTH CAUSE OF ACTION

### (Unfair Competition – Bus. & Prof. Code § 17200)

### (Unlawful Acts or Practices: FAL Within FDA Panel)

62.     The People restate and incorporate the allegations of the preceding paragraphs.

63.     Defendant committed acts of unfair competition by committing the following unlawful acts: violating the False Advertising Law, as alleged in the Second Cause of Action.

64.     Unless enjoined by the Court, Defendant will continue its wrongful practices.

65.     Pursuant to Business and Professions Code section 17203 and the Court's equitable powers, the Court should issue a permanent injunction and such other orders as may be necessary to prevent future acts of unfair competition by Defendant.

66.     Pursuant to Business and Professions Code section 17206, the Court must assess a civil penalty of up to $2,500 for each act of unfair competition.

### SEVENTH CAUSE OF ACTION

**(Unfair Competition – Bus. & Prof. Code § 17200)**

**(Unlawful Acts or Practices: False Advertising by Enticement Outside of FDA Panel)**

67.     The People restate and incorporate the allegations of the preceding paragraphs.

68.     Defendant committed acts of unfair competition by committing the following unlawful acts: <u>committing false advertising by enticement, as alleged in the Third Cause of Action</u>.

69.     Unless enjoined by the Court, Defendant will continue its wrongful practices.

70.     Pursuant to Business and Professions Code section 17203 and the Court's equitable powers, the Court should issue a permanent injunction and such other orders as may be necessary to prevent future acts of unfair competition by Defendant.

71.     Pursuant to Business and Professions Code section 17206, the Court must assess a civil penalty of up to $2,500 for each act of unfair competition.

### EIGHTH CAUSE OF ACTION

**(Unfair Competition – Bus. & Prof. Code § 17200)**

**(Unlawful Acts or Practices: False Advertising by Enticement Within FDA Panel)**

72.     The People restate and incorporate the allegations of the preceding paragraphs.

73.     Defendant committed acts of unfair competition by committing the following unlawful acts: <u>committing false advertising by enticement, as alleged in the Fourth Cause of Action</u>.

74.     Unless enjoined by the Court, Defendant will continue its wrongful practices.

75.     Pursuant to Business and Professions Code section 17203 and the Court's equitable powers, the Court should issue a permanent injunction and such other orders as may be necessary to prevent future acts of unfair competition by Defendant.

76.     Pursuant to Business and Professions Code section 17206, the Court must assess a civil penalty of up to $2,500 for each act of unfair competition.

## NINTH CAUSE OF ACTION

### (Unfair Competition – Bus. & Prof. Code § 17200)

### (Unlawful Acts or Practices: Misbranded Food in violation of Health & Safety Code § 110660)

### (Outside of FDA Panel)

77.     The People restate and incorporate the allegations of the preceding paragraphs.

78.     Health and Safety Code section 110660 states: "[a]ny food is misbranded if its labeling is false or misleading in any particular."

79.     Defendant committed acts of unfair competition by committing the following unlawful acts: misbranding food in violation of Health and Safety Code section 110660 by falsely labeling or mislabeling the caloric content on consumer-facing portions of the packaging outside of the FDA Nutrition Facts panel.

80.     Unless enjoined by the Court, Defendant will continue its wrongful practices.

81.     Pursuant to Business and Professions Code section 17203 and the Court's equitable powers, the Court should issue a permanent injunction and such other orders as may be necessary to prevent future acts of unfair competition by Defendant.

82.     Pursuant to Business and Professions Code section 17206, the Court must assess a civil penalty of up to $2,500 for each act of unfair competition.

## TENTH CAUSE OF ACTION

### (Unfair Competition – Bus. & Prof. Code § 17200)

### (Unlawful Acts or Practices: Misbranded Food in violation of Health & Safety Code § 110660)

### (Within FDA Panel)

83.     The People restate and incorporate the allegations of the preceding paragraphs.

84.     Health and Safety Code section 110660 states: "[a]ny food is misbranded if its labeling is false or misleading in any particular."

85.     Defendant committed acts of unfair competition by committing the following unlawful acts: <u>misbranding food in violation of Health and Safety Code section 110660 by falsely labeling or mislabeling the caloric content within the FDA Nutrition Facts panel</u>.

86.     Health and Safety Code section 110660 states: "[a]ny food is misbranded if its labeling is false or misleading in any particular."

87.     Unless enjoined by the Court, Defendant will continue its wrongful practices.

88.     Pursuant to Business and Professions Code section 17203 and the Court's equitable powers, the Court should issue a permanent injunction and such other orders as may be necessary to prevent future acts of unfair competition by Defendant.

89.     Pursuant to Business and Professions Code section 17206, the Court must assess a civil penalty of up to $2,500 for each act of unfair competition.

## ELEVENTH CAUSE OF ACTION

### (Unfair Competition  – Bus. & Prof. Code § 17200)

### (Untrue or Misleading Advertising)

### (Outside of FDA Panel)

90.     The People restate and incorporate the allegations of the preceding paragraphs.

91.     Business and Professions Code section 17200 defines "unfair competition" to "mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, ***untrue or misleading advertising*** and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code. [emphasis added]"

92.     Defendant committed acts of unfair competition by engaging in untrue or misleading advertising, by advertising the nutritional information of its CARBMASTER Bread products in an untrue and/or misleading manner <u>on consumer-facing portions of the packaging outside of the FDA Nutrition Facts panel</u>.

93.     Unless enjoined by the Court, Defendant will continue its wrongful practices.

94.     Pursuant to Business and Professions Code section 17203 and the Court's equitable powers, the Court should issue a permanent injunction and such other orders as may be necessary to prevent future acts of unfair competition by Defendant.

95.     Pursuant to Business and Professions Code section 17203 and the Court's equitable powers, the Court may make such orders as may be necessary to restore to any person any interest in money which may have been acquired through Defendant's unfair competition.

96.     Pursuant to Business and Professions Code section 17206, the Court must assess a civil penalty of up to $2,500 for each act of unfair competition.

97.     Pursuant to Business and Professions Code section 17206, the Court must assess a civil penalty of up to $2,500 for each act of unfair competition.

## TWELFTH CAUSE OF ACTION

### (Unfair Competition  – Bus. & Prof. Code § 17200)

### (Untrue or Misleading Advertising)

### (Within FDA Panel)

98.     The People restate and incorporate the allegations of the preceding paragraphs.

99.     Defendant committed acts of unfair competition by engaging in untrue or misleading advertising, by advertising the nutritional information of its CARBMASTER Bread products in an untrue and/or misleading manner within the FDA Nutrition Facts panel.

100.     Unless enjoined by the Court, Defendant will continue its wrongful practices.

101.     Pursuant to Business and Professions Code section 17203 and the Court's equitable powers, the Court should issue a permanent injunction and such other orders as may be necessary to prevent future acts of unfair competition by Defendant.

102.     Pursuant to Business and Professions Code section 17206, the Court must assess a civil penalty of up to $2,500 for each act of unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, the People pray for judgment as follows:

1.     Pursuant to Business and Professions Code section 17203 and the Court's inherent equitable powers, Defendant and its subsidiaries, their successors and the assigns; their

directors, officers, employees, agents, and representatives of each of them; and all persons and entities acting in concert or in participation with Defendant, be permanently restrained and enjoined from engaging in any acts of unfair competition, in violation of Business and Professions Code section 17200, including but not limited to the unlawful business acts and practices alleged in the First through Twelfth Causes of Action of this Complaint.

2.    Pursuant to Business and Professions Code section 17206, Defendant be ordered to pay a civil penalty of $2,500 for each violation of the Unfair Competition Law, Business and Professions Code section 17200, according to proof.

3.    Pursuant to Business and Professions Code section 17536, Defendant be ordered to pay a civil penalty of $2,500 for each violation of the False Advertising Law, Business and Professions Code section 17500, according to proof.

4.    Restitution of all monies wrongfully obtained from California customers.

5.    Pursuant to Business & Professions Code section 12015.5, reasonable costs incurred in investigating this action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6.     Costs of suit.

7.     Such other and further relief as the Court deems appropriate.

Respectfully Requested,

Dated: _____
        May 29, 2024

John T. Savrnoch
Santa Barbara County District Attorney

By: _____
        Christopher B. Dalbey
        Senior Deputy District Attorney

By: _____
        /s/ Morgan S. Lucas
        Morgan S. Lucas
        Senior Deputy District Attorney

Dated: _____
        May 29, 2024

Erik Nasarenko
Ventura County District Attorney

By: _____
        /s/ Andrew J. Reid
        Andrew J. Reid
        Senior Deputy District Attorney