UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-05582-JLS-KS　　　　　　　　　　　　Date: October 09, 2024
Title: People of the State of California v. The Kroger Co.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING MOTION TO REMAND (Doc. 9)**

Before the Court is a Motion to Remand filed by the People of the State of California ("the People").  (Mot., Doc. 9.)  Defendant The Kroger Co. opposed, and California responded.  (Opp., Doc. 12; Reply, Doc. 13.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for October 11, 2024, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court GRANTS the Motion.

I.　　**BACKGROUND**

On May 29, 2024, the People, by and through the District Attorneys for the County of Santa Barbara and the County of Ventura, initiated this action in Santa Barbara County Superior Court against Kroger.  (*See* Compl., Doc. 1-1.)  The People allege Kroger "misled consumers and gained an unfair competitive advantage over its competitors by falsely representing the calorie content" found in Kroger Carbmaster bread products.  (*Id.* ¶ 2.)  The People bring claims for violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*, and Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*  (*Id.* ¶¶ 29–102.)  On July 1, 2024, Kroger removed the action to federal court, invoking diversity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-05582-JLS-KS                                    Date: October 09, 2024
Title:  People of the State of California v. The Kroger Co.

jurisdiction under both 28 U.S.C. § 1332(a) and under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (NOR., Doc. 1.)  The People now seek to remand the action to state court because the State of California is not considered a citizen of California for the purposes of diversity jurisdiction.  (*See* Mot. at 4.)

## II.     LEGAL STANDARD

As the party invoking the removal jurisdiction of this Court, Defendants bear "the burden of establishing federal jurisdiction." *California ex. Rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332(a).  Under the removal procedures provided by 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  However, "[w]e strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  And "if it is *unclear* what amount of damages the plaintiff has sought … then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id*. at 566-67 (emphasis in original).

Additionally, "[CAFA] vests federal courts with original diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, (2) the proposed class consists of at least 100 class members, (3) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief, and (4) any class member is a citizen of a state different from any defendant." *Mortley v. Express Pipe & Supply Co.*, 2018 WL 708115,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-05582-JLS-KS                                     Date: October 09, 2024
Title:  People of the State of California v. The Kroger Co.

at *1 (C.D. Cal. Feb. 5, 2018) (Staton, J.) (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020–21 (9th Cir. 2007)); 28 U.S.C. § 1332(d).

### III.   ANALYSIS

A court ordinarily looks to the face of the complaint to determine whether diversity of citizenship exists.  *Miller v. Grgurich,* 763 F.2d 372, 373 (9th Cir. 1985).  Here, Plaintiff is the People of the State of California, and the "People are the same party as the State of California."  *California v. Steelcase Inc.*, 792 F. Supp. 84, 86 (C.D. Cal. 1992).  A state is not a citizen of itself and thus cannot be party to a diversity action.  *Fifty Assocs. v. Prudential Ins. Co.,* 446 F.2d 1187, 1191 (9th Cir. 1970).  Therefore, looking to the face of the complaint, diversity jurisdiction does not appear to exist in this matter.

Kroger argues that diversity jurisdiction nevertheless exists because the Counties of Santa Barbara and Ventura are the real parties in interest in this action.  (Opp. at 7); *see also Moor v. County of Alameda,* 411 U.S. 693, 719–21 (1973) (holding that a California county is a citizen of the State for purposes of diversity jurisdiction).  Kroger argues that, as a result, diversity jurisdiction is established under 28 U.S.C. § 1332(a) because counties are considered citizens of California and are completely diverse from Kroger, a citizen of Ohio.  (Opp. at 9.)  In the alternative, Kroger argues that diversity jurisdiction is established under 28 U.S.C. § 1332(d) because this case is essentially a putative class action, brought on behalf of California consumers, and the requirements for diversity jurisdiction under CAFA are also met.  (*Id.* at 18.)

####   A.   Real Party in Interest

Kroger's first argument—that the Counties are the real parties in interest—fails.  "To determine whether the state is a real-party-in-interest, the Court looks to 'the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-05582-JLS-KS                        Date: October 09, 2024
Title: People of the State of California v. The Kroger Co.

essential nature and effect of the proceeding as it appears from the entire record'" to determine "whether the state has a 'specific, concrete interest' in the litigation." *County of San Mateo v. Monsanto Co.*, 644 F. Supp. 3d 566, 570 (N.D. Cal. 2022) (quoting *Nevada v. Bank of America Corp.*, 672 F.3d 661, 670 (9th Cir. 2012)). Factors to consider are "the nature of the substantive state law at issue, the extent to which the challenged conduct injures the state as a whole, and the extent to which the complaint seeks substantial relief that is available to the state alone." *Id.* (cleaned up) (citing *Bank of America*, 672 F.3d at 670, 672 and *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 738, 739 (9th Cir. 2011)).

       Here, the substantive law suggests that California is a real party in interest. "UCL and FAL actions brought by local prosecutors are brought 'in the name of the people of the State of California.'" *California v. Purdue Pharma L.P.*, 2014 WL 6065907, at *3 (C.D. Cal. Nov. 12, 2014) (Staton, J.) (quoting Cal. Bus. & Prof. Code § 17204). Second, Kroger's alleged misconduct of falsely representing the nutritional information in its Carbmaster bread injures consumers throughout California and the People's Complaint clearly alleges that the harm was felt throughout the state. (*See* Compl. ¶¶ 1, 2, 20, 24, 33, 37.) Third, the action seeks civil penalties that are available to the state alone. "[C]ivil penalties are only available under the UCL law enforcement actions brought by prosecutors in the name and on behalf of the People." *California v. Time Warner, Inc.*, 2008 WL 4291435, at *2 (C.D. Cal. Sept. 17, 2008) (citing Cal. Bus. & Prof. Code § 17206). Kroger argues that because the counties will recover the civil penalties, the relief offers no benefit to California. (Opp. at 16.) But, as other district courts have pointed out, the funds collected are limited for use in "the enforcement of consumer protection laws." *Time Warner*, 2008 WL 4291435, at *2 (C.D. Cal. Sept. 17, 2008) (quoting Cal Bus. & Prof. Code § 17206(c)). Therefore, the civil penalties directly benefit the State's ability "to enforce compliance with consumer protection laws." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-05582-JLS-KS                                       Date: October 09, 2024
Title:  People of the State of California v. The Kroger Co.

As the People convincingly argue, every district court to consider UCL and FAL enforcement actions that, like this one, bring claims on behalf of all consumers in California, has concluded that it is the State of California that is the real party in interest, not the counties whose district attorneys initiate the lawsuit.  (*See* Mot. at 8–9; Reply at 3.)  That includes this Court.  *See Purdue Pharma*, 2014 WL 6065907, at *3–4.  Kroger does not identify a single case, similarly intended to vindicate consumers statewide, in which remand was denied.  (*See generally* Opp.)  The Court concludes that the State of California has a concrete interest in the litigation and is the real party in interest.  Therefore, diversity jurisdiction does not exist under 28 U.S.C. § 1332(a).

    **B.**    **CAFA Jurisdiction**

Kroger's attempt to invoke jurisdiction under CAFA is also a nonstarter.  Ninth Circuit authority clearly provides that *parens patriae* suits—enforcement actions brought by government officials on behalf of their citizens—"lack the defining attributes of true class actions.  As such, they only 'resemble' class actions in the sense that they are representative suits."  *Bank of America*, 672 F.3d at 667 (quoting *Washington v. Chimei Innolux Corp.,* 659 F.3d 842, 850 (9th Cir. 2011).  Kroger attempts to distinguish *Bank of America* on the grounds that the Ninth Circuit's analysis was "short," and the case was "substantially different."  (Opp. at 19.)  But nothing in the Ninth Circuit's analysis was dependent on the kind of *parens patriae* lawsuit being brought.  Rather, because no enforcement action brought by state officials requires the state to "demonstrate standing through a representative injury nor obtain certification of a class in order to recover on behalf of individuals," nor meet "any numerosity, commonality, or typicality requirements," the actions are not class actions.  *Chimei*, 659 F.3d at 848, 849.  Kroger cannot remove this action by invoking CAFA jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-05582-JLS-KS                         Date: October 09, 2024
Title: People of the State of California v. The Kroger Co.

       **C.**      **Attorneys' Fees**

       The People request an award of attorneys' fees. "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Here, the Court concludes that Kroger lacked an objectively reasonable basis for seeking removal. Kroger's notice of removal does not even address the fact that a state is not a citizen of itself for the purposes of diversity and that, on the face of the Complaint, there was no diversity jurisdiction. (*See generally* NOR.) Further, Kroger's Opposition relies on arguments about CAFA jurisdiction that are clearly foreclosed by Ninth Circuit precedent and fails to engage with the *relevant* authority addressing UCL and FAL enforcement actions brought on behalf of the People. As a result, the Court concludes that an award of fees is warranted.

       The People seek $14,000 in fees for the work of two attorneys. (*See* Mot. at 13.) "Attorney's fee awards are calculated using the lodestar method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate." *Johnson v. Luu-Truong*, 2014 WL 4678344, at *8 (E.D. Cal. Sept. 19, 2014) (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.2 (9th Cir. 2001)). "The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal citation omitted) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

       Christopher Dalbey has been practicing law for over eleven years and seeks to recover an hourly rate of $350. (Dalbey Decl. ¶¶ 7, 8, Doc. 9.) Dalbey avers that he spent eight hours preparing the Motion and anticipates devoting four more hours to the Reply and oral argument. (*Id.* ¶ 9.) Andrew Reid has been practicing law for over

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-05582-JLS-KS　　　　　　　　　　　　　　Date: October 09, 2024
Title: People of the State of California v. The Kroger Co.

fourteen years and seeks to recover an hourly rate of $350. (Reid Decl. ¶¶ 2, 6.) Reid avers that he spent twenty hours on the Motion and anticipates spending an additional eight hours on the Reply and oral argument. (*Id.* ¶ 3.) The hourly rates are approved as reasonable. But the Court finds the claimed hours excessive. First, the Court vacated the hearing in this matter, so there was no need to prepare for or attend oral argument. Second, the Court concludes that the hours spent on the Motion—twenty-eight hours total between Dalbey and Reid—should have accounted for the entire motion practice, including the drafting of the Reply. Therefore, the Court excludes the other twelve hours that the People claim to have expended.

The adjusted lode star results in a fee award of $9,800. Kroger is ordered to pay that $9,800 to the People.

**IV.    CONCLUSION**

For the above reasons, the Court GRANTS the Motion to Remand. This action is hereby REMANDED to the Superior Court of California, County of Santa Barbara, originally commenced as *People of the State of California v. The Kroger Co.*, 24CV03007. The People are awarded $9,800 in attorneys' fees.

Initials of Deputy Clerk: kd